UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80199-Cannon/McCabe

CURTIS SHERROD II, et. al.,

    Plaintiffs,
v.

BRIAR BAY ASSOCIATION, et. al.,

    Defendants.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Defendant Stuart M. Smith's Motion to Quash Service of Process, which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 79, 80). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED**.

**I.     BACKGROUND**

This is a pro se civil rights and housing discrimination case. By way of their Second Amended Complaint ("SAC"), Plaintiffs sued thirteen Defendants, including Stuart Smith, an attorney involved in foreclosure proceedings against Plaintiffs' residence. (DE 21). By Order dated April 28, 2025, the District Judge ordered Plaintiffs to serve all Defendants and file proof of service on or before July 24, 2025. (DE 22). The District Judge gave Plaintiffs detailed instructions for effecting service in compliance with Fed. R. Civ. P. 4 and Fla. Stat. § 48.031 and warned as follows: **"Failure to serve any named Defendant in accordance with this Order and with applicable law will result in dismissal of this case as to any unserved party, without further notice."** (DE 22) (emphasis in original).

On July 23, 2025, Plaintiffs filed a return of service as to Defendant Smith, with a declaration under penalty of perjury from the process server. (DE 63). According to the declaration, the process server delivered the summons and SAC to Defendant Smith's "residence or usual place of abode" on July 23, 2025 at "1200 Park Central Blvd. S, Pompano Beach, FL 33064, on 7/23/2025 at 10:33 AM." (DE 63). According to the declaration, the process server left the summons and SAC with a person named "Jackie Newborn." (DE 63).

This motion to quash followed, challenging the validity of service. As set forth below, the Court agrees service should be quashed.

## II.  STANDARD

Proper service of process is a prerequisite to the Court's exercise of personal jurisdiction. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "When a defendant challenges the validity of service of process … courts effectively apply a burden-shifting framework." *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-CV-467-CEH-AEP, 2021 WL 3712965, at *4 (M.D. Fla. Aug. 3, 2021), *R. & R. adopted*, 2021 WL 3709639 (M.D. Fla. Aug. 20, 2021).

"First, when a defendant challenges the validity of service, he must describe with specificity how the service of process failed to meet the procedural requirements of [Fed. R. Civ. P. 4]." *Id.* (cleaned up). "If the defendant successfully challenges service of process, the burden shifts to the plaintiff to set forth a prima facie case of proper service." *Id.* A plaintiff generally satisfies this burden with a signed return of service, which constitutes prima facie evidence of valid service. *Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011). At this point, the burden shifts back to the defendant to demonstrate invalid service by "clear and convincing evidence."

*Colite Int'l, Inc. v. Robert L. Lipton, Inc.*, No. 05-60046-CIV, 2005 WL 8154789, at *2 (S.D. Fla. July 20, 2005).

In resolving this burden-shifting analysis, a court may look to affidavits, depositions, and oral testimony submitted by the parties. *Estes Express Lines*, 2021 WL 3712965, at *4. Courts should draw reasonable inferences and construe conflicts in favor of the plaintiff unless the defendant rebuts service with clear and convincing proof. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 579 (11th Cir. 2014). Where the parties submit competing affidavits that cannot be reconciled, a court may conduct an evidentiary hearing to resolve credibility issues. *See Colite*, 2005 WL 8154789, at *2; *FarFromBoring Promotions.Com, LLC v. Campbell*, No. 20-80774-CIV, 2020 WL 5076994, at *2-3 (S.D. Fla. Aug. 27, 2020).

### III. FACTS

In this case, the parties provided the Court with multiple affidavits/declarations, including a declaration from the process server (DE 63) and affidavits from Plaintiff Curtis Sherrod (DE 90-1), Defendant Smith (DE 79-1), and multiple employees of Defendant Smith's law firm (DE 79-1, DE 98-1). These affidavits/declarations, when reconciled, agree on three undisputed facts:

1. On July 23, 2025, the process server visited an address located at "1200 Park Central Blvd. S, Pompano Beach, FL 33064." (DE 63, DE 98-1 at 1).

2. Although the process server described the address as Defendant Smith's "usual place of abode" (DE 63), Plaintiffs concede the address was, in fact, Defendant Smith's place of work, a law firm (DE 90 at 3, 4; DE 90-1 at 1, 9-15, 22) – a fact further confirmed by Defendant Smith and others who worked at the firm (DE 79-1 at 2, 5).

3. The process server did not leave the summons or SAC directly with Defendant Smith while at the law firm on July 23, 2025. (DE 63).

3

The affidavits/declarations disagree on almost everything beyond these three facts, including whether Plaintiffs ever obtained a summons from the clerk, whether the process server spoke to a person named "Jackie," and whether the process server left the summons or SAC at the law firm. As set forth below, the Court finds it unnecessary to hold an evidentiary hearing to resolve these factual disputes. Rather, the Court finds this motion can be resolved based on the three undisputed facts on which all parties agree.

## IV. DISCUSSION

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process on individuals within a judicial district of the United States. In general terms, Rule 4(e) allows service on individuals by way of three methods: (1) by "delivering a copy of the summons and of the complaint to the individual personally," (2) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (3) by serving the individual pursuant to the law of the state in which the district court sits or where service is made – in this case Florida. *See* Fed. R. Civ. P. 4(e).

Based on the record here, the Court finds that Plaintiffs failed to effect service on Defendant Smith under any of the available three methods. As to method (1), Plaintiffs concede they never made direct, personal service upon Defendant Smith. (DE 63). As such, method (1) does not apply.

As to method (2), this method involves so-called "substitute service," a procedure by which service can be effected by delivering the summons and complaint to a person *other than the defendant*. On its face, method (2) allows for substitute service, but only at "the individual's dwelling or usual place of abode." *See* Fed. R. Civ. P. 4(e)(2)(B); *see also* Fla. Stat. § 48.031(1)(a) (allowing substitute service under Florida law at a person's "usual place of abode"). Here, Plaintiffs concede that their process server did not visit Defendant Smith's usual place of abode on July 23,

4

2025, but instead visited his place of work. (DE 90 at 3, 4; DE 90-1 at 1, 9-15, 22). As such, method (2) does not apply.

Resolution of this motion therefore turns on method (3), which requires the Court to analyze whether Florida law allows substitute service *at an individual's place of work*. At least three other district courts in Florida have confronted this issue, with all three answering the question in the negative. *See Dieudonne v. Sunbelt Rentals, Inc.*, No. 22-20337-CIV, 2022 WL 18779101, at *2 (S.D. Fla. Sept. 2, 2022) (finding service invalid under Florida law where process server left summons and complaint with a person other than the defendant at defendant's place of work); *Golson v. Mitchell*, No. 3:19cv3175-RV-HTC, 2020 WL 13469720, at *2 (N.D. Fla. Jan. 2, 2020) (finding that "service on an unknown person other than the Defendant at his or her place of employment does not meet any of the requirements" of Rule 4(e) or Florida law); *United States v. Rayan*, No. 6:09-cv-1140-Orl-35KRS, 2010 WL 11651640, at *1 (M.D. Fla. June 22, 2010), *R. & R. adopted*, 2010 WL 11651674 (M.D. Fla. July 16, 2010) (finding service insufficient under Florida law where process server left complaint with defendant's office manager at his place of business).

Like the other courts to address the issue, this Court agrees that Florida law does not authorize substitute service of process at an individual's place of work, at least under the facts of this case. Plaintiffs cite two Florida statutes in support of substitute service, each of which the Court will address in turn. At the outset, the Court notes that Florida law mandates strict construction of service-of-process statutes, especially those authorizing substitute service of process. *See Ingenieria Y Exportacion De Tecnologia S.L. v. Freytech, Inc.*, 210 So.3d 211, 213 (Fla. 3d DCA 2016) ("Strict construction of, and compliance with, statutes governing service of process is required.") (cleaned up); *Robles-Martinez v. Diaz, Reus & Targ, LLP*, 88 So.3d 177, 179

(Fla. 3d DCA 2011) ("Service made under the substitute service provisions of [Fla. Stat. § 48.031], must be strictly complied with, and these provisions are to be strictly construed.") (cleaned up).

Plaintiffs first cite to Fla. Stat. § 48.031(6), which authorizes substitute service when the only discoverable address is a "private mailbox, a virtual office, or an executive office or mini suite," as follows:

> (6)(a)   If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.
>
> (b)   For purposes of this subsection, the term "virtual office" means an office that provides communications services, such as telephone or facsimile services, and address services without providing dedicated office space, and where all communications are routed through a common receptionist.  The term "executive office or mini suite" means an office that provides communications services, such as telephone and facsimile services, a dedicated office space, and other supportive services, and where all communications are routed through a common receptionist.

(DE 90 at 2).

The Court finds that § 48.031(6) does not apply here because Plaintiffs' affidavit indicates that they located Defendant Smith's law firm work address "from previous email correspondence from previous litigation."  (DE 90-1 at 1).  Plaintiffs also attached multiple photographs of the law firm's exterior and lobby taken by the process server who visited the law firm.  (DE 90-1 at 10-15). Based on this evidence, and applying strict construction, the Court finds that the law firm address does not qualify as a "private mailbox," a "virtual office," or as "an executive office or mini suite" within the meaning of § 48.031(6).

Plaintiffs next cite to Fla. Stat. § 48.031(1)(b), which requires employers, upon request, to provide a private area for service of process upon employees as follows:

> (b) An employer, when contacted by an individual authorized to serve process, shall allow the authorized individual to serve an employee in a private area designated by the employer. An employer who fails to comply with this paragraph commits a noncriminal violation, punishable by a fine of up to $1,000.

(DE 90 at 3).

The Court finds that § 48.031(1)(b) does not apply here for two reasons. First, Plaintiffs have not provided proof that the process server ever contacted the law firm to make a request for a private area for service of process upon Defendant Smith. Second, even if the process server had made such a request (and the law firm had denied it), the statute does not authorize substitute service in the event of a violation. Instead, the statute provides for a fine of $1,000 upon a violation. Applying strict construction, as the Court must, the Court cannot conclude that a violation of the statute leads to de facto authorization for substitute service of process at an individual's place of work.

For all of the above reasons, the Court finds that Plaintiffs failed to effect valid service of process upon Defendant Smith in compliance with Fed. R. Civ. P. 4 and Florida law. As such, the service of process should be quashed.

## V. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** as follows:

1. The motion (DE 79) be **GRANTED**.

2. The return of service on Defendant Smith (DE 63) be **QUASHED**.

3. Pursuant to the District Judge's earlier Order (DE 22), Defendant Smith should be **DISMISSED** from this case.

4. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United

States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

5. **IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 16th day of September 2025.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

8